UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 16-CR-20845 MOORE

UNITED STATES OF AMERICA,

vs.

PAUL MEEK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

This cause has been referred to the undersigned to take all necessary and proper action as required with respect any violations of Supervised Release as to Defendant, Paul Meek (ECF No. 66). Upon referral from Chief District Court Judge K. Michael Moore, the matter was set for status hearing, which was conducted on July 16, 2021 (ECF No. 72). The hearing was attended by counsel for Defendant Diaz and the supervising U.S. Probation Officer. Counsel for Mr. Meek explained that resolution was being explored with the government and sought additional time to decide the necessity of an evidentiary hearing in this matter.

A second status conference was conducted on July 30, 2021, at which counsel for the government and Defendant appeared, in addition to defense counsel and the supervising probation officer. Counsel for the government announced an agreed proposed resolution to the Petition, in which Defendant Meek would admit the second violation and the government would seek dismissal of the first.

The Petition alleges two violations by Mr. Meek of the conditions of his supervised release. The first alleges a failure to refrain from violation of law, and relates to a crime allegedly committed on May 5, 2021. The second alleges his failure to follow the instructions of the

probation officer. At the hearing on July 30, 2021, counsel for the government explained that Mr. Meek had been instructed to stay away from the person named in the Petition not as the result of any indication of violence by Mr. Meek but for the purpose of increasing his own success with supervision. Mr. Meek will admit the failure to follow this instruction alleged as the second violation, and he confirmed this at the hearing. The government explained the circumstances surrounding the first alleged violation and its conclusion that the evidence does not show a violation of the law as alleged. Accordingly, it will seek dismissal of that violation. U.S. Probation Officer Justin Brownlee represented that he agreed with the government's intention to seek dismissal of the first violation alleged in the Petition.

According, and upon Defendant Meeks admission to the Court, it is the recommendation of the undersigned the undersigned that the Court accept Defendant's admission of guilt and find him guilty of Violation No. 2 as charged. It is the further recommendation of the undersigned, on the representation of the government that it has concluded that it will not seek to prove the remaining alleged violation, that the Court DISMISS the Violation charged as No. 1 of the Petition.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's

order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 30th day of July, 2021.

_____
LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc:  The Honorable K. Michael Moore
Counsel of record

U.S. Probation Officer Justin Brownlee